FILED

2015 OCT 30 PM 12: 57

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**RANDALL SCOTT JORDAN,**
       **Petitioner,**

-vs-                                                      **Case No.  A-14-CA-671-SS**

**WILLIAM STEPHENS,**
       **Respondent.**

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Randall Scott Jordan's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 [#1], Respondent William Stephens's Answer [#12], Jordan's Response [#14] thereto, the Report and Recommendation of the United States Magistrate Judge [#17], and Jordan's Objections [#20] thereto. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the Magistrate Judge's recommendations and DENYING Jordan's Petition.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Jordan is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n,*



79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).  Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

**Background**

## I.   Jordan's Criminal History

Stephens avers he has lawful and valid custody of Jordan pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause numbers D-1-DC-08-301818, D-1-DC-09-904094, and D-1-DC-09-904095.  A jury found Jordan guilty of two counts of aggravated sexual assault, and one count each of aggravated assault with a deadly weapon and aggravated kidnaping.  The jury found Jordan to be a habitual offender based on his previous felony convictions and sentenced him to life imprisonment on each count, to be served concurrently.

The Third Court of Appeals of Texas affirmed all three convictions.  *Jordan v. State*, Nos. 03-10-00776-CR, 03-10-00777-CR, & 03-10-00779CR, 2012 WL 2981103 (Tex. App.—Austin July 11, 2012, pet. ref'd) (mem. op.).  The Texas Court of Criminal Appeals refused Jordan's petitions for discretionary review. *Jordan v. State*, P.D. Nos. 1136-12, 1137-12, & 1138-12 (Tex. Crim. App. Jan. 16, 2013).  On April 7, 2014, Jordan filed state applications for habeas corpus relief challenging each of his convictions, all of which were denied on July 9, 2014, without written order.  *Ex parte Jordan*, WR-81,362-01, -02, & -03, at cover.

## II.   Factual Background

As noted by the Magistrate Judge, the factual background of this case is found in the Court of Appeals opinion and is repeated as follows:

> Randall Scott Jordan was convicted of aggravated assault, aggravated sexual assault, and aggravated kidnaping, and the jury imposed a sentence of life in prison for each

-2-

offense with the sentences running concurrently. The victim in this case was Mary Brown.[] . . .

Jordan met Brown when they were children, and they reconnected as adults. At some point, Jordan was incarcerated, but Brown and Jordan stayed in contact. When Jordan was let out on parole, he spent the night at Brown's home, and the two of them were sexually intimate. However, the day after he was paroled, Jordan was arrested for violating the terms of his parole, and he was sent back to prison for approximately two months. While Jordan was in prison, he and Brown talked on the phone on several occasions, but Brown became romantically involved with another man named Frank Galvan.

When Jordan was released from prison, he contacted Brown, and she agreed to meet with him. Jordan and Brown drove separately to a hotel room in Austin, Texas. The events that occurred after they went to the hotel are disputed and form the basis for this appeal. What is not disputed is that Jordan hit Brown numerous times while they were in the hotel room, that Jordan drove Brown to San Antonio the next day in Brown's car, that Jordan paid for another hotel room in San Antonio, that Jordan left Brown in the hotel room and drove off, that Brown waited until Jordan was gone and then asked for help from the hotel's employees, that the employees called the police, and that Brown was taken to a hospital to get treatment for injuries that she sustained during her encounter with Jordan, including injuries to her face, neck, and vagina.

After Jordan was arrested, he was charged with aggravated kidnaping, multiple counts of aggravated assault with a deadly weapon, and multiple counts of aggravated sexual assault. During trial, Jordan pleaded not guilty to the alleged offenses, but the jury found him guilty of aggravated kidnaping, one count of aggravated assault with a deadly weapon, and two counts of aggravated sexual assault. Regarding the aggravated assault charge, the jury found that Jordan strangled Brown with his hand and that the manner in which he used his hand constituted a deadly weapon. Regarding the aggravated sexual assault charges, the jury found that Jordan penetrated Brown's vagina with a bottle and with his penis without her consent. During the punishment hearing, Jordan pleaded true to enhancement paragraphs alleging that he had prior felony convictions for unauthorized use of a motor vehicle, forgery, robbery, and burglary of a habitation. After the punishment hearing, the jury sentenced Jordan to imprisonment for life for each offense with the sentences running concurrently.

*Jordan*, 2012 WL 2981103, at *1 (footnote omitted).

## III.    Jordan's Grounds for Relief

Jordan raises the following grounds for relief:

(1)     Trial counsel was ineffective for failing to:

      (a)     request extra peremptory strikes and object to the seating of an improper juror during jury selection;

      (b)     investigate the State's file, including the SANE report and pictures in that report;

      (c)     obtain an expert witness to counter the State's assertion that a stick found at the scene was a "deadly weapon";

      (d)     request funds to hire a private investigator;

      (e)     subpoena two witnesses;

      (f)     properly file a motion and serve notice under Texas Rule of Evidence 412(c);

      (g)     object to the court's in camera, ex parte interview with the complainant; and

      (h)     preserve for direct review the issue regarding certain excluded evidence.

(2)     The trial court denied Jordan his right to due process and a fair trial when it:

      (a)     excluded evidence of letters between Jordan and the victim;

      (b)     seated a partial juror, tainting the entire panel;

      (c)     excluded evidence of phone conversations between Jordan and the victim;

      (d)     conducted an in camera, ex parte interview with the victim;

      (e)     excluded Defense Exhibits 1 through 3 (phone calls from the Del Valle facility);

      (f)     excluded evidence of the past relationship between Jordan and the victim;

      (g)     failed properly to weigh whether the probative value of denying evidence of Jordan and the victim's past, on-going sexual relationship, up to and including the date of the relevant offense, outweighed the unfair prejudice to any party;

      (h)     declined to listen to audio in Defense Exhibit 3, ruling instead based on only the oral arguments of the parties; and

      (i)     excluded evidence of past correspondence between Jordan and the victim.

(3)     The trial court denied Jordan his right to due process and a fair trial when it erroneously excluded evidence that prevented Jordan from presenting a defense;[1] and

---

[1] Because Jordan's third ground for relief raises the same issues as his second, the Court will analyze these claims together.

(4)      The trial court denied Jordan his right to due process and a fair trial when it declined to grant him judgment as a matter of law.

## IV.      Exhaustion of State Court Remedies

Finally, Stephens contends this Court cannot review the merits of substantially all of Jordan's second and third grounds for relief because those claims are unexhausted and procedurally barred.

## Analysis

## I.      Procedural Default

The Magistrate Judge concluded the issues raised in Jordan's second and third grounds for relief, with the exception of Jordan's claim that the trial court erred in excluding Defense Exhibits 1 through 3, are unexhausted and procedurally barred from federal review. *See* Report and Recommendation (R&R) [#17] at 6. This Court agrees with the Magistrate Judge's conclusion and, with the one exception, finds these grounds for relief procedurally barred.

"A federal court may not grant a petition for a writ of habeas corpus where the state court expressly denied the claim based on an independent and adequate state procedural rule." *Wright v. Quarterman*, 470 F.3d 581, 586 (5th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)). Claims that could have been raised on direct appeal, but were not, are procedurally defaulted. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005) (citing *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996)). A petitioner, however, can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the federal claim would result in a miscarriage of justice. *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996) (citing *Coleman*, 501 U.S. at 750). In Texas, habeas corpus is a proper vehicle to review only jurisdictional

defects and "denials of fundamental or constitutional rights." *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).

With the exception of Defense Exhibits 1 through 3, Jordan's second and third grounds for relief are unexhausted and procedurally barred because these claims were not properly raised on direct appeal and are therefore procedurally defaulted. *See* R&R at 6. Jordan objects to this conclusion, arguing the reason his claims were not raised in a procedurally correct manner was by virtue of his trial and appellate counsel's ineffective assistance and that a failure to review these claims would result in a miscarriage of justice. *See* Objections [#20] at 5–6. Specifically, Jordan claims his (1) trial counsel failed to properly preserve the issues by timely objection and (2) appellate counsel failed to argue non-frivolous issues properly preserved by timely objection on appeal. *See Id.* The Court finds Jordan's objections to be without merit.

While an attorney's failure to make objections may constitute "cause" for a procedural default, Jordan does not argue or allege any specific facts to show trial counsel was ineffective as required to overcome his procedural default. *See Cotton v. Cockrell*, 343 F.3d 746, 754 (5th Cir. 2003). Jordan's sole argument to support ineffective appellate counsel—counsel failed to raise Jordan's defaulted claims on direct appeal—is insufficient to show his attorney's performance was deficient. *See Roberson v. Stephens*, 614 F. App'x 124, 134 (5th Cir. 2015). Further, Jordan has failed to make the necessary showing to overcome his procedural default under the "fundamental miscarriage of justice" exception. *See McGowen v. Thaler*, 675 F.3d 482, 499 (5th Cir. 2012) ("Fundamental miscarriage of justice 'is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him.'" (quoting *Finley v. Johnson*, 243

F.3d 215, 220 (5th Cir. 2001))).  Accordingly, Jordan is barred from raising the unexhausted claims in his second and third grounds for relief.

## II.   The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA).  *See Harrington v. Richter*, 562 U.S. 86, 97–100 (2011).  The Court noted the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.*  Following all of the Courts of Appeals' decisions on this question, the Court concluded the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted).  The Court noted it had previously concluded "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing

*Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 785 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740–41 (quotation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the

facts," are limited by the terms of the next section of the statute, § 2254(e). That section states a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

## III.   Application

### A.   Ineffective Assistance of Counsel

Jordan names nine instances of ineffective assistance of counsel, all of which the Magistrate Judge denied as grounds for relief.[2] Jordan objects to the Magistrate Judge's findings, arguing the outcome of the proceedings would have been different but for counsel's unprofessional representation in each instance. *See* Objections [#20] at 10.

The United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), provides the familiar two-pronged test for establishing an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. To establish deficient performance, Jordan must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Jordan] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish prejudice, Jordan must show "there is a

---

[2]Consistent with the parties' briefs, this Court will analyze Jordan's final three claims together because they all concern the requirements of Texas Rule of Evidence 412.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Further, as the Fifth Circuit has explained, review of an ineffective assistance claim in the AEDPA context is doubly deferential to the state court:

> It bears repeating that the test for federal habeas purposes is *not* whether [the petitioner] made [the *Strickland*] showing. Instead, the test is whether the state court's decision—that [the petitioner] did *not* make the *Strickland* showing—was contrary to, or involved an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim.

*Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003) (emphasis in original).

1.      **Failure to Request Extra Peremptory Strikes, Object to Partial Juror**

First, Jordan argues counsel erred by failing to request additional peremptory strikes during jury selection or to show an objectionable juror had been seated on the jury after learning a prospective juror overheard prejudicial remarks regarding Jordan and his defense counsel. The Magistrate Judge denied this claim, explaining Jordan could not show any juror seated on his jury overheard the inappropriate comments and the only three potential jurors nearby when the inappropriate comments were made were removed from the panel. *See* R&R [#17] at 11. While Jordan argues counsel should have re-questioned the remaining jurors as to whether they had heard the comments, he fails to show how this would have affected the outcome of the trial. *See* Objections [#20] at 12. There was no reason for counsel to re-question the jurors considering the potential juror who initially reported the comments to the court indicated it was impossible any other potential juror overheard them. The Court finds Jordan's claim meritless.

2.      **Failure to Conduct Adequate Investigation of State's File**

Jordan argues pretrial counsel was ineffective for not making an appointment to view certain pictures in the SANE report after the trial court advised him to do so. The Magistrate Judge properly concluded this claim fails because, similar to his previous claim, Jordan has not shown prejudice. *See* R&R [#17] at 12. Jordan does not allege any of his trial attorneys failed to view the file, nor does Jordan point to any specific evidence in the file that would have changed the outcome of the proceeding. While Jordan seems to suggest certain pictures would tend to show Jordan only slapped the victim, this conclusory allegation fails considering the overwhelming evidence in the record suggesting otherwise.

3.      **Failure to Obtain Expert Testimony**

The Court agrees with the Magistrate Judge and finds Jordan's next claim—counsel was ineffective for failing to hire an expert to argue a stick isn't a deadly weapon—to be meritless because the jury acquitted Jordan of aggravated assault with a stick. Jordan does not specifically object to this conclusion.

4.      **Failure to Request Funds to Hire a Private Investigator**

Jordan claims counsel was ineffective for not requesting funds to hire a private investigator to assist the defense. However, as the Magistrate Judge explains, not only did counsel request funds to hire a private investigator, the very charge the investigator was going to be hired to investigate was removed. *See* R&R [#17] at 13. While Jordan insists an investigator could have uncovered additional evidence showing Jordan and the victim were married and in a sexual relationship for years prior to the incident in question, he has failed to show any of this evidence, assuming it exists, would have affected the outcome of the trial. *See* Objections [#20] at 15.

-11-

5.      **Failure to Subpoena Two Witnesses**

Jordan next claims counsel was ineffective for failing to subpoena Debra Tosh and David Shermer, arguing their testimony would have revealed Jordan and the victim's "irregular sexual relationship" and, on the night of the incident, both were "drunk and not in control of their reasoning abilities." Objections [#20] at 17.   The Magistrate Judge properly explained Tosh and Shermer's testimony would have been cumulative, and therefore, counsel was not ineffective for failing to present it. *See* R&R [#17] at 14; *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007) ("Counsel's decision not to present cumulative testimony does not constitute ineffective assistance.").

6.      **Claims Regarding Rule 412(c)**

Jordan's final three ineffective assistance claims relate to the conduct required of counsel under Texas Rule of Evidence 412.   The Magistrate Judge concluded Jordan's claims lacked any factual grounding, offering specific instances where the record rebuts Jordan's allegations. *See* R&R [#17] at 15–16.   Even so, Jordan argues he should have been able to further question the victim regarding her sexual history, suggesting a better understanding of Jordan and the victim's relationship would reveal the sexual acts were consensual. *See* Objections [#20] at 19–20. However, considering the overwhelming evidence against Jordan, these conclusory arguments fail to convince the Court any further questioning would have altered the outcome of the trial.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's

determination of facts in light of the evidence.  Accordingly, the Court is of the opinion 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Jordan's claim he received ineffective assistance of trial counsel.

**B.      Exclusion of Recorded Phone Calls**

The only properly exhausted issue in Jordan's second ground for relief is Jordan's allegation that the trial court denied him a fair trial by excluding Defense Exhibits 1 through 3, the recordings of three phone calls between himself and the victim.  The Magistrate Judge agreed with the state court on direct appeal in concluding the trial court did not prevent Jordan from presenting the substance of his defense by excluding the recorded phone calls, and that if the court's exclusion was error at all, it was not constitutional error.  *See* R&R [#17] at 18; *Jordan*, 2012 WL 2981103, at *6–7.  Indeed, Jordan has not shown how the alleged error actually prejudiced him.  In light of the evidence presented at trial, it is unlikely the introduction of the conversations would have significantly aided Jordan's defense.  Accordingly, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

**C.      Decision Not to Set Aside the Jury's Verdict**

Jordan's final ground for relief alleges the trial court denied him his right to due process and a fair trial when it declined to grant him judgment as a matter of law.  Jordan contends the court was in a better position than the jury to decide this case because the court viewed or heard all the evidence kept from the jury, including the letters and phone calls between Jordan and the victim. The Magistrate Judge concluded this ground for relief fails, and Jordan does not specifically object on this topic.  Indeed, even if Jordan had moved for a judgment of acquittal or a judgment

notwithstanding the verdict, it would not be unreasonable for the trial court to uphold the jury's verdict in light of the evidence presented at trial. *See Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009) ("We will uphold a jury's finding if more than a scintilla of competent evidence supports it."). Because Jordan has failed to show the trial court erred or how the alleged error actually prejudiced him, his fourth ground for relief fails.

**Conclusion**

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Consequently, the Court agrees with the Magistrate Judge that Jordan's request for habeas relief is unwarranted.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Jordan's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly

IT IS ORDERED that Petitioner Randall Scott Jordan's Objections [#20] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#17] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Randall Scott Jordan's Application for Habeas Corpus Relief [#1] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 30th day of October 2015.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE